MICHAEL J. MORRISSEY *vs.* EASTERN RAILROAD COMPANY.

Essex. Nov. 8, 1878. — March 24, 1879. ENDICOTT & LORD, JJ., absent.

A railroad corporation is not liable for running over a child who is using the track of the corporation as a playground, if the act is not done maliciously or with gross and reckless carelessness.

TORT for injuries to the plaintiff, a child four years of age, by being run over by a railroad train of the defendant. Trial in this court, before *Gray,* C. J., who, after a verdict for the de-

fendant, reported the case for the consideration of the full court, in substance as follows:

The defendant's railroad, at the place of the accident, consisting of a single track, after leaving the station at Gloucester, crosses Cedar Street, and, at a point about four hundred feet from the station, enters a cut through a ledge, upon a curve. The ledge rises upon both sides of the track and extends a short distance. Upon both sides of the track, in the rear of this ledge and beyond it, are houses, in one of which the plaintiff lived with his mother. At a point about one hundred and thirty feet from Cedar Street there is a path across the track made by foot passengers. This was not a public way, highway, nor travelled place, where the defendant was required by statute to maintain warning boards, and it was not contended that the plaintiff or his mother had any private rights in this path.

Testimony was introduced for the plaintiff, tending to show that the passageway described was open to every one to use and that it was so used; that the houses above referred to were not standing there when the railroad was built, and that this passageway was not used before the houses were built; and that the whistle was not blown, nor the bell rung, on the engine, either in its approaching the crossing or at any time.

Richard Morey, a boy of fifteen years, testified that, at the time of the accident, he was playing upon the ledge and became aware of the approach of the train by the puffing of the engine; that he then looked and saw the plaintiff quite alone, kneeling by the side of the track with his head over the rail; that he appeared to be putting something upon the rail and was stooping over it; that the witness ran as fast as he could and pulled him away, but that the engine struck him just as he seized him, and ran over his arm and foot; and that the spot where this occurred was more than a hundred feet distant from Cedar Street, and opposite an opening by the side of the track where there was no fence, and through which led the path before referred to.

Catherine Morrissey, the mother of the plaintiff, testified that she was at home on the day of the accident, and that the plaintiff was there in her care; that he had been in a field near by where she watched him through the window; that he was "all

the time running to the track" if she let him out a minute; that she went into the cellar to get some kindling-wood, and the boy was then up-stairs; that she went to saw the wood and the boy was then around her and was talking with her; that the first thing she knew she missed him and heard a scream; that she was not more than a minute cutting wood; that she had great trouble to keep the boy from the trains; that he was in the habit of watching for a chance to run to them, and that she had taken off his shoes and stockings in the afternoon so that he would play in the field and not run over the way to the track, which was rough; that this way was not very rough; and that she heard no whistle or bell or any sound of an approaching train.

The engineer of the train testified for the defendant, that he was at his post attending to his duties; that he did not remember whether or not the whistle was blown or bell rung, but supposed this was done, as it was usually rung; that the omission to ring the bell would have attracted his attention sooner than the ringing, and his attention was not attracted to the matter by anything unusual; that he did not see the plaintiff before or after the accident; and that the right-hand rail of the track (upon which side the plaintiff was) was visible from the station to the place where the plaintiff was hurt. There was no other evidence tending to show acts of malice or wilful carelessness on the part of the defendant.

The plaintiff further offered the evidence of John Morey, to the effect that he lived in the vicinity of the crossing at Cedar Street; that, for the purpose of notifying the defendant, he had verbally notified its station agent at Gloucester that the passageway referred to was a very dangerous place for children, and that there was no fence across it, and had requested the agent to have a fence erected there; that the agent replied that it was not his duty to attend to the matter; and that, on further request of the witness, he refused to notify or name the official of the road to whom notice of these facts and such request should be given. The judge excluded the evidence.

The defendant requested the judge to rule that there was no evidence which would warrant the jury in returning a verdict for the plaintiff, either on the ground that the defendant had

acted maliciously or with gross and wilful carelessness, or on the ground that the plaintiff's injuries had resulted from the tortious acts of the defendant without contributory negligence on the part of the plaintiff or of those in charge of him. But the judge refused so to rule, and submitted the case in both aspects to the jury, who returned a verdict for the defendant.

If the evidence offered by the plaintiff was rightly excluded, judgment was to be entered on the verdict; if it was erroneously excluded, a new trial was to be granted, unless, upon all the evidence, the jury would not have been authorized to find a verdict for the plaintiff, in which case the verdict was to stand, and judgment was to be entered accordingly.

*C. A. Benjamin*, for the plaintiff.

*S. Lincoln, Jr.*, for the defendant, was not called upon.

AMES, J. The only evidence offered by the plaintiff, and excluded by the court, was the testimony of Morey as to a conversation between himself and the station agent at Gloucester. This evidence was offered for the purpose of showing that the defendant had been notified that the place where the accident afterwards happened was dangerous to children for want of a suitable fence, and had been requested to erect such a fence. It is unnecessary particularly to consider the competency of this evidence, because we are of opinion that, upon all the evidence offered at the trial, the jury would not have been authorized to return a verdict for the plaintiff.

The plaintiff at the time of the accident was a mere intruder and trespasser upon the railroad track. No inducement or implied invitation to him to enter upon it had been held out. He was neither a passenger nor on his way to become one, but was there merely for his own amusement, and was using the track as a playground. The defendant corporation owed him no duty, except the negative one not maliciously or with gross and reckless carelessness to run over him. *Johnson* v. *Boston & Maine Railroad*, 125 Mass. 75. Upon this question, and also upon the question whether the plaintiff's injuries had resulted from the tortious acts of the defendant, without contributory negligence on the part of the plaintiff or of those who had him in charge, the case was submitted to the jury with instructions of which no complaint is made on his behalf. The verdict

was for the defendant, and we do not think that any other verdict could have been authorized by the evidence. Therefore, by the terms of the report, there must be

*Judgment on the verdict.*