TIMOTHY McCARTY *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk.   March 9, 1891. — May 20, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, & MORTON, JJ.

*Personal Injuries — Negligence — Fencing Railroad — View by Jury.*

A boy strayed from a public street upon an adjacent railroad track, and was run over and injured at a point where it was customary to unload freight from the cars on to teams standing in the street.  At the trial, sixteen months later, of an action against the railroad company to recover for such injuries because of its neglect to fence the track, the plaintiff's evidence did not show affirmatively that a fence at such point would not have obstructed the convenient use of the railroad.  The presiding judge ruled that the plaintiff could not recover, and ordered a verdict for the defendant; and the plaintiff alleged exceptions which recited that the jury took "a view of the premises," without more. *Held*, that the plaintiff showed no ground of exception.

TORT, for personal injuries to the plaintiff, a child five years of age, alleged to have been occasioned by his being run over by a train of the defendant on July 16, 1889.   Trial in the Superior Court, at the November sitting of 1890, before *Ham-*

*mond*, J., who allowed a bill of exceptions, which, so far as material to the points decided, was as follows.

The plaintiff's evidence tended to prove, among others, the following facts. The plaintiff lived with his mother in that part of Boston called Charlestown, the yard in the rear of her tenement opening by means of a gate upon Jenner Street. This street ran southerly into Front Street, which ran from east to west and abutted upon two tracks of the defendant corporation used for freight purposes. There existed no fence or barrier between Front Street and the defendant's tracks. Mason Street also ran into Front Street parallel with and at a distance of one hundred and ten feet west from Jenner Street. A freight-house of the defendant was situated on the opposite side of these tracks from Front Street, the westerly end of which stood about one hundred and sixteen feet east of Jenner Street, making the distance from the foot of Mason Street to the freight-house about two hundred and twenty-six feet. The accident occurred about half past six o'clock in the afternoon, and the plaintiff was last seen by his mother, before it happened, in the yard off Jenner Street, and by an aunt standing just outside of the gate on that street. A few minutes later he was picked up from the defendant's tracks badly injured, just after a freight train had passed along. The bill of exceptions disclosed no evidence respecting the plaintiff's movements from the time he was seen in the yard until the time he was found lying upon the railroad tracks. One McCarty testified that the place where the plaintiff was injured was just opposite the foot of Mason Street, at its junction with Front Street. One Sullivan testified that freight was constantly unloaded from freight cars standing on these tracks on to teams standing on Front Street, within the space between the end of the freight-house on the east and Mason Street on the west.

The plaintiff contended, among other things, that under the provisions of the Pub. Sts. c. 112, § 115, the defendant ought to have had a fence between Front Street and the railroad tracks which would have kept the plaintiff off; but there was no testimony to show that a fence at the place of the injury would not have obstructed the convenient use of the railroad in loading and unloading cars.

The bill of exceptions recited that "a view of the premises was taken by the jury, the place of the accident and the place where freight was unloaded were shown," without further reference to such view.

The defendant offered no evidence, and the judge ruled that the evidence introduced was insufficient to support a verdict for the plaintiff, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. H. Russell & F. C. Manchester*, for the plaintiff.

*G. A. Torrey*, for the defendant.

C. ALLEN, J. The plaintiff complains of the ruling that there was not sufficient evidence to support a verdict in his favor, and it is incumbent on him to make it appear to us that there was some evidence which would have warranted such a verdict. If it be assumed that the defendant with its engine or cars ran over the plaintiff, we can find nothing in the bill of exceptions to show any gross or reckless carelessness on its part, or the breach of any duty which the defendant owed to the plaintiff. The plaintiff was alone upon the railroad track. Apparently he had escaped from immediate supervision, and walked down Jenner Street to Front Street, and then, at some point which there was no evidence to fix, had crossed Front Street and passed upon the railroad track. It is now urged that the defendant ought to have had a fence between Front Street and the railroad track, which would have kept the plaintiff off. The requirement of the Pub. Sts. c. 112, § 115, in relation to building fences, does not include places where the convenient use of the road would be thereby obstructed. There was nothing to show that the requirement to fence the track included such place or places as would have cut off the plaintiff's approach and entry upon it. One of the plaintiff's witnesses testified that freight was unloaded from the cars on to teams on Front Street, between Mason Street and the end of the freight-house, which was a distance of two hundred and twenty-six feet; and another of his witnesses testified that the place where the boy was injured was just opposite the foot of Mason Street where it joins Front Street. It would thus appear that the place where the plaintiff received his injury must have been very near, if not exactly upon, the place where

it was customary to unload freight from the cars on to teams on Front Street. Certainly there is nothing in this testimony to show, affirmatively, that a fence at the place of the injury would not have obstructed the convenient use of the railroad in loading and unloading cars. But the plaintiff relies on the fact that the jury took a view of the premises, and he urges upon us that, from what was seen at the view, the jury might have found that the defendant ought to have had such a fence there. Now this, so far as the argument is addressed to us, is a mere conjecture. No plan was shown to us, and there was nothing to show that the convenient use of the railroad would have permitted the erection of such a fence. No doubt a view is often advantageous in enabling a jury better to understand the testimony of witnesses, and they may derive some additional information not directly testified to which may be considered by them. Nevertheless, even where the statutes have given a positive right to either party to have the jury take a view of land for the purpose of aiding in their estimation of its value, the court may set aside their verdict on the question of damages, as well as on other grounds. *Harding* v. *Medway*, 10 Met. 465. *Fitchburg Railroad* v. *Eastern Railroad*, 6 Allen, 98. *Tully* v. *Fitchburg Railroad*, 134 Mass. 499, 503. If in such cases the court may set aside the verdict, clearly it may rule that the evidence is insufficient to warrant a verdict. The plaintiff in the present case entirely fails to make it appear in his bill of exceptions that there was anything before the jury, to be derived either from the testimony or from their view of the premises, which would have warranted a verdict for him. Merely stating that the jury took a view of the premises, without showing that anything was to be seen there which would show the duty to build and keep a fence at the place of the plaintiff's entrance upon the railroad track, will not entitle the plaintiff to a reversal of the ruling of the presiding justice. The trial was about sixteen months after the accident. We cannot see how the view of the premises, either taken by itself alone, or in connection with any evidence which is reported in the bill of exceptions, could have enabled the jury properly to find that the defendant ought to have had a fence at such places as would have kept the plaintiff off from the track at the place where the accident happened.

The case much resembles *Morrissey* v. *Eastern Railroad*, 126
Mass. 377. See also *McEachern* v. *Boston & Maine Railroad*,
150 Mass. 515.                                 *Exceptions overruled.*