## THOMAS DILLON *vs.* CONNECTICUT RIVER RAILROAD COMPANY.

Hampden.    September 23, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Railroad — Loss of Life — Trespass.*

A railroad corporation owes no duty to trespassers anywhere within its location beyond abstaining from reckless and wanton conduct towards them; and this rule is not abolished by the Pub. Sts. c. 112, § 212, providing for a recovery of damages from such a corporation, except, in certain cases, for negligently causing the death of a person.

TORT, by the administrator of the estate of Martin Dacey, for causing his death. Trial in the Superior Court, before *Mason,* C. J., who, after a verdict for the defendant, allowed exceptions, which, so far as material to the point decided, appear in the opinion.

*T. B. O'Donnell,* for the plaintiff.

*G. M. Stearns & G. Wells,* (*W. W. McClench & J. Barnes* with them,) for the defendant.

HOLMES, J. This is an action, under the Pub. Sts. c. 112, § 212, for causing the death of the plaintiff's intestate, Dacey. Dacey was killed by a train running off the track while he was in a water-closet, which there was evidence tending to show to have been built without right within the defendant's location. The jury were instructed that, if Dacey was a trespasser, the defendant owed him no duty beyond abstaining from reckless or wanton conduct toward him. The jury found for the defendant; and the plaintiff excepted. If Dacey had been on the defendant's track, there is no question that the ruling would have

been right.  *McCreary* v. *Boston & Maine Railroad,* 153 Mass. 300.  The ground of the decision cited is that the statute does not abolish the common law rule embodied in the instruction, and that rule applies with equal force to trespassers anywhere within the location.  Whether this construction of the statute be reached by a broad interpretation of the exception of people " being upon its [the defendant's] road contrary to law," which qualifies the civil as well as the criminal liability, (see St. 1881, c. 199, § 1,) or by reading in an exception implied by common sense, does not matter for the purposes of this case.  Compare *Taylor* v. *Carew Manuf. Co.* 143 Mass. 470, 471 ; *Blodgett* v. *Boston,* 8 Allen, 237, 238.                    *Exceptions overruled.*