EMMA McCREARY vs. BOSTON AND MAINE RAILROAD.

Suffolk. March 2, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Railroad Crossing.*

Where a person who was on a railroad contrary to law was struck by a train and killed, and there was no wilful or reckless misconduct on the part of the railroad company or its agents, it was *held* that an action could not be maintained by his administratrix against the company, either at common law or under the Pub. Sts. c. 112, § 212.

TORT by the administratrix of the estate of Elisha McCreary, for causing his death upon the Eastern Division of the defendant's railroad. After the decision in the former case, reported 153 Mass. 300, a trial was had in the Superior Court, before *Blodgett*, J., who ruled that, under the Pub. Sts. c. 112, § 212, the action could not be maintained, and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. G. Fall*, for the plaintiff.

*W. I. Badger*, for the defendant.

BARKER, J. In the opinion of the court upon this case, when it was formerly before us, it was said that, "if the plaintiff's intestate was on the defendant's track without right, the action is not maintainable, unless there was wilful or reckless misconduct on the part of the defendant, or of its agents.". *McCreary v. Boston & Maine Railroad*, 153 Mass. 300, 304. At the second trial, it appeared that at the time of the accident the intestate was crossing one of the defendant's tracks at a place where he had no right to cross. Although evidence was offered tending to prove that when struck by the train he was lying upon the track in an unconscious and helpless condition in an epileptic fit, he came there in an attempt to cross the track at a place where he had no right so to do. Knowingly standing or walking upon a railroad track without right is prohibited by statute. Pub. Sts. c. 112, § 195. He was therefore upon the railroad contrary to law. Because the death was instantaneous, and there is no action at common law, no action can be maintained except one given by

the statute; and the Pub. Sts. c. 112, § 212, under which the plaintiff seeks to recover, expressly provide that there shall be no liability " for the loss of life by a person while walking or being upon its road contrary to law or to the reasonable rules and regulations of the corporation." Since it now appears that he was upon the railroad contrary to law, and that his death was instantaneous, the action cannot be maintained either at common law or under the statute referred to, and the ruling of the presiding justice was right. *Wright* v. *Boston & Albany Railroad,* 142 Mass. 296, 301. *McCreary* v. *Boston & Maine Railroad,* 153 Mass. 300, 304. *Dillon* v. *Connecticut River Railroad,* 154 Mass. 478.                *Exceptions overruled.*