## SARAH O'BRIEN *vs.* MICHAEL T. HUDNER.

Bristol.   October 28, 1902. — January 6, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Contributory.

A child who is playing in the street has a right not to be run over through the negligence of a traveller, if the child is in the exercise of due care.

A mother allowing a child eight years old to go out with her older sister to play in the yard of the house where she lives is not guilty of contributory negligence if the child at the suggestion of her older sister leaves the yard to play in the street and there is run over.

A girl eight years old who was standing in the gutter of a street when struck by a horse and wagon driven at a fast trot on the left side of the road may be found to have been in the exercise of due care if she turned around and started to run away as soon as she saw the horse coming.

TORT for personal injuries. Writ dated November 9, 1900.

In the Superior Court *Mason*, C. J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. M. Morton, Jr.,* for the plaintiff.

*R. P. Borden,* for the defendant.

LORING, J. This is an action by a child eight years of age for being run over by a wagon of the defendant, driven by a servant of the defendant in the course of the defendant's business. It appeared that the plaintiff had been allowed by her mother to go out to play in the yard of the house where she lived; that she and her older sister played in the yard for a time, and then her sister suggested that they should play in the street, and they left the yard for that purpose. After playing at jump rope in the street for a short while, the plaintiff was run over, as already stated. The accident happened on October 27, 1900, at dusk, between five and half past five o'clock in the afternoon. Another child had been playing jump rope with the two sisters, with a long rope stretching nearly across the street, one end of which was held by the plaintiff, and they had stopped playing just before the accident, for the plaintiff's sister, who had been jumping, to tie her shoe. The plaintiff was on the east side of the street, in the gutter, about a foot and a half from the sidewalk. Whether she was still holding her end of the jump rope or had laid the end of it down was not clear; the plaintiff's witnesses testified both ways on that point; the middle part of the rope was lying on the surface of the street at the time of the accident. The plaintiff testified that "the defendant's team was the first one on the street; that they had been there a little while and while they were playing they looked to see if any other teams were coming." It further appeared that the defendant's team came on a fast trot on the left side of the road and about a yard from the curbing, and "when it got down near this little girl it went straight towards where she was"; as soon as the plaintiff saw the horse she turned round and started to run away, but the horse was coming so fast that he ran over her before she could get out of his way, and she was knocked down by the horse and run over by the wheels of the cart.

1. Although the public ways of the Commonwealth are not laid out as playgrounds for children, *Blodgett* v. *Boston*, 8 Allen,

237, yet we do not think that a child who is playing in the street is reduced to the status of a trespasser on the land of another so far as her right not to be run over by a traveller on the way is concerned. *Blodgett* v. *Boston* and the cases following it are cases on the statutory liability of towns for defects in the way, and are not decisive of the question now before us. Neither do we think that the cases are decisive in which it is held that a trespasser within the location of a railroad has no cause of action unless he shows that he was wilfully run over or that his being run over was caused by negligence so gross as to amount to reckless misconduct. *Morrissey* v. *Eastern Railroad*, 126 Mass. 377. *Wright* v. *Boston & Albany Railroad*, 142 Mass. 296. *McCreary* v. *Boston & Maine Railroad*, 153 Mass. 300. *McCarty* v. *Fitchburg Railroad*, 154 Mass. 17. *Dillon* v. *Connecticut River Railroad*, 154 Mass. 478. *Chenery* v. *Fitchburg Railroad*, 160 Mass. 211. A traveller on a public way is not on his own land, and he has no exclusive right to the way as a railroad has within the limits of its location. A more close analogy would be that of a trespasser and a licensee on the private road of a third person. We are of opinion that the true rule in such a case is the rule which ordinarily obtains of due care. This was assumed to be so in *Slattery* v. *O'Connell*, 153 Mass. 94.

2. We think that there was evidence that the mother was not guilty of contributory negligence. *Creed* v. *Kendall*, 156 Mass. 291. *Powers* v. *Quincy & Boston Street Railway*, 163 Mass. 5. *Slattery* v. *O'Connell*, 153 Mass. 94. *Marsland* v. *Murray*, 148 Mass. 91. We also think that the jury would have been warranted in finding that the plaintiff would not reasonably have expected a wagon, coming from the direction the defendant's cart came from, to come as it did on that side of the street, and for that reason that a child of her age was not negligent in standing where she did and not seeing it sooner. See *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8; *Butler* v. *New York, New Haven, & Hartford Railroad*, 177 Mass. 191.

*Exceptions sustained.*