## GRAND TRUNK RY. CO. OF CANADA v. FLAGG.

(Circuit Court of Appeals, First Circuit. October 24, 1907.)

No. 735.

1. RAILROADS—ACTION FOR INJURY TO PERSON ON TRACK—PROOF OF SUFFERING.

A child five years old was struck by a railroad engine, so as to break in his skull, exposing and crushing parts of the brain. He breathed for three-quarters of an hour after, and at times moaned. *Held*, that in a common-law action by his administrator to recover damages for his suffering resulting from his injury, which right of action survived to plaintiff by statute, evidence of such facts was insufficient to show that the child in fact suffered or to authorize a recovery.

2. SAME—INJURY TO TRESPASSER—EVIDENCE OF WANTON NEGLIGENCE.

A railroad company owes no duty of care to a trespasser on its track, except to refrain from his willful or wanton injury, and cannot be held liable for the injury of a child so trespassing, where the engineer of the train which struck him testified that he came upon the track so short a distance ahead of the engine that it was impossible to stop the train before striking him, and where the engineer's testimony was uncontradicted, except by evidence which at most could no more than raise a probability that the child had walked for some distance on the track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1238, 1239, 1359–1361.]

In Error to the Circuit Court of the United States for the District of Maine.

Leroy L. Hight (Clarence A. Hight, on the brief), for plaintiff in error.

Henry W. Oakes (Oakes, Pulsifer & Ludden, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. Ernest Flagg, the plaintiff's intestate, a child five years old, was struck by the defendant's engine, and died, as will hereinafter be set out more fully. In so far as the suffering caused him by the injury complained of gave a right of action to the child in his lifetime, this action survived to the plaintiff, by virtue of the statutes of Maine, and the plaintiff thereupon sued the defendant at law, and recovered judgment upon the verdict of a jury. At the trial the defendant seasonably moved the Circuit Court to direct a verdict in its favor, and it duly excepted to the court's refusal. The motion was urged upon two grounds, which sufficiently appear from the record as a whole.

1. That there was no evidence of the child's suffering. The action was based upon a right recognized by the common law, apart from statute. The plaintiff's right, thus sued on, gave him damages only for the suffering of his intestate, not for his intestate's death. If the child did not suffer, his administrator cannot recover in this action. The defendant's engine struck the child's forehead, so as to break in the skull and to force back the top of it, exposing and crushing parts of the brain. The child breathed for three-quarters of an hour. As evidence of his suffering during this time, the plaintiff relied upon his moans, the motions of his lips, and certain sounds which his father took to be the words "Papa" and "Mamma." The child was congenitally deaf, and therefore almost dumb. Momentary consciousness of suffering, incidental to death, and at law inseparable from it, may not be excluded by this evidence; but we hold that the plaintiff offered no proof of that suffering, for which alone the law in its practical administration can award damages. The Corsair, 145 U. S. 335, 348, 12 Sup. Ct. 949, 36 L. Ed. 727. It follows that the learned judge below erred in refusing to direct a verdict for the defendant.

2. As additional evidence of the child's suffering may be introduced at the next trial, we are obliged to examine also the other ground upon which the defendant rested its motion for a verdict. It contended that there was no evidence of the negligence of its engineer, the defendant's servant alleged to be in fault. When struck, the child was a trespasser upon the railroad track. As to him, the engineer was required only to refrain from willful or wanton injury. The engineer testified that the child sprang upon the track when the train was but 15 or 20 rods away. To stop the train within that distance was impossible. There was evidence that the child was seen walking down the track just before the engine struck him. The plaintiff contended that the jury might infer the child's longer presence on the track from the fact that the private way, by which the child probably entered the railroad location, crossed

it 78 feet from the place of the accident, and so that the child had probably walked along the track for that distance. As the track was straight, and the view unobstructed, the plaintiff further contended that the engineer must have seen him for some time before the accident, and therefore must have run over him recklessly. But to rely upon these mere probabilities is to disregard direct evidence for conjecture. The probabilities are too slight to warrant a verdict for the plaintiff. The circumstances of the case are too little known. There is no evidence in the record to show that the engineer saw the child while it was possible to stop the train. Unless he did, the defendant corporation was not at fault toward a trespasser. On this ground, also, the jury should have been directed to return a verdict for the defendant.

The judgment of the Circuit Court is reversed, and the case is remanded to that court, with directions to set aside the verdict and for further proceedings not inconsistent with this opinion; and the plaintiff in error recovers its costs of appeal.