## LOUIS A. PATRICK *vs.* OMER DEZIEL.

Middlesex.    March 13, 1916. — April 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Trespasser, Contributory, In use of automobile, In use of highway, Of child playing on highway, Violation of municipal ordinance. *Trespass. Child. Evidence,* Presumptions and burden of proof, Violation of ordinance as evidence of negligence.

A boy twelve years of age rolling a hoop upon a highway is not, merely by reason of that fact, a trespasser upon the way.

At the trial of an action against the owner and driver of an automobile by a boy who, after the enactment of St. 1914, c. 553, when twelve years of age and while playing at rolling a hoop on a public way in a city, was run into from behind by the automobile, there was evidence tending to show that the plaintiff, in rolling his hoop, started across the way in a diagonal direction, first looking backward and seeing no automobile approaching and hearing no horn sounded, that the way was seventy-two feet wide with a single track of a street railway in the middle, that when the plaintiff was in the middle of the way the automobile was about sixty feet behind him, that the defendant in his automobile came behind the boy close to the right hand curbstone, that there were no other vehicles upon the street to interfere with or to prevent the defendant from avoiding a collision, and that the plaintiff was run into from behind when he was in the gutter on his and the defendant's right hand side of the way.   The defendant's evidence tended to show that, when the automobile was going slowly, the plaintiff ran in front of it.   *Held,* that it could not be ruled as a matter of law that the defendant had overcome the presumption of due care of the plaintiff raised by St. 1914, c. 553, and that the questions, whether the plaintiff was guilty of contributory negligence, and whether the accident was caused by negligence of the defendant, were for the jury.

Whether the conduct of the plaintiff interfered "with the convenient and free use of" the highway "by persons travelling or passing along" it, so that it was a violation of an ordinance of the city, providing that "No person shall, within the limits of any public street or highway in the city, play at any game of ball,

snow-ball, foot-ball, or any other game, amusement, or exercise, interfering with the convenient and free use of such street or highway by persons travelling or passing along the same," was *held* to be a question for the jury, so that it could not be ruled as a matter of law that the only duty owed to the plaintiff by the defendant was to refrain from wanton or reckless misconduct.

Tort for personal injuries suffered on June 28, 1915, when the plaintiff, a boy twelve years of age, was run into from behind, as he was rolling a hoop in Mammoth Road in Lowell, by an automobile owned and driven by the defendant. Writ dated July 17, 1915.

In the Superior Court the case was tried before *Keating*, J. The substance of the plaintiff's testimony and of some of the testimony of occupants of the defendant's automobile is described in the opinion.

One George Stewart, a witness called by the defendant, testified in substance that he had been a teamster for fifteen years, that he was driving on Mammoth Road toward the plaintiff and the defendant, both of whom were approaching him; that when he first saw the automobile the plaintiff and his hoop were about twenty yards or more ahead of it and were about half way across the street car track; that the automobile was "blowing away" and was close to the curbstone on its right side of the road; that the plaintiff came across the street "in a slant," the hoop going faster than the automobile, and that there was nothing to interrupt the view of the man driving the automobile.

Other evidence is described in the opinion.

At the close of the evidence, the defendant asked for the following rulings:

"1. The plaintiff cannot recover.

"2. There is no evidence of the defendant's negligence.

"3. The plaintiff was not in the exercise of due care.

"4. The plaintiff was guilty of contributory negligence."

"7. The defendant is not liable for any acts which do not amount to wilful and wanton recklessness toward the plaintiff.

"8. To establish the decree of negligence on the part of the defendant necessary for the plaintiff to recover, the plaintiff must show intentional, wilful wrong.

"9. The evidence does not show wilful and wanton disregard of the plaintiff's rights by the defendant."

"13. In order to recover the plaintiff must show intentional

conduct of the defendant having a tendency to injure others, which is known or ought to be known to the defendant accompanied by wanton and reckless disregard of its probable harmful consequences."

The rulings were refused. There was a verdict for the plaintiff in the sum of $550; and the defendant alleged exceptions.

*H. V. Charbonneau,* for the defendant.

*J. C. Reilly,* for the plaintiff.

CROSBY, J. The plaintiff, a boy twelve years old, was struck on June 28, 1915, by an automobile operated by the defendant upon a public highway in Lowell, and received the injuries for which this action is brought.

The highway is seventy-two feet wide between the curbstones and runs in a northerly and southerly direction; and in the centre there is a single street railway track. The accident happened at about half past four o'clock in the afternoon.

The plaintiff, who was rolling a large iron hoop along the sidewalk on the easterly side of the street, crossed the street diagonally in a southerly direction, and while in the gutter on the westerly side of the street was struck by the automobile.

The evidence as to the circumstances of the accident was conflicting. The defendant testified and offered evidence to show that, while he was operating his machine at a rate of six miles an hour, the plaintiff suddenly ran in front of, and only about two feet from the machine and was struck before the defendant could stop his car. If the jury believed this evidence, it is plain there could be no recovery. Apparently the jury did not credit this description of the accident.

The plaintiff offered evidence to show that he was rolling his hoop on the extreme right hand or westerly side of the street, near the gutter; that he did not see the automobile which was going in the same direction; that he was struck from behind; and that there were no other vehicles upon the street to interfere with or prevent the defendant avoiding a collision.

1. The plaintiff testified that he crossed the track to get on the right side of the road, and "looked back and front and there was nothing coming, that he did not see the automobile when he looked back." When asked "Whether or not you heard any horn sounded?" he answered, "No, sir."

The plaintiff was not a trespasser upon the highway because he was rolling a hoop, and the defendant had no right to run over him. *O'Brien* v. *Hudner,* 182 Mass. 381. *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79. Under St. 1914, c. 553, which applies to this case, the plaintiff is presumed to have been in the exercise of due care, and contributory negligence on his part is an affirmative defence to be set up in the answer and proved by the defendant.

In view of the width of the street, the fact that the accident occurred upon the extreme right side of the way, and the precautions which the plaintiff testified he took to avoid injury, we do not think it could be ruled that the defendant had overcome the presumption created by the statute, or proved affirmatively that the plaintiff's conduct contributed to his injury, but that these questions were matters of fact for the jury to decide. *O'Brien* v. *Hudner, supra. Beale* v. *Old Colony Street Railway,* 196 Mass. 119. *Dowd* v. *Tighe,* 209 Mass. 464.

2. The defendant introduced in evidence the following ordinance of the city of Lowell:

"No person shall, within the limits of any public street or highway in the city, play at any game of ball, snow-ball, foot-ball, or any other game, amusement, or exercise, interfering with the convenient and free use of such street or highway by persons travelling or passing along the same."

The defendant contends that the plaintiff at the time he was hurt was acting in violation of this ordinance, and that such violation was the cause of his injury; and therefore that the defendant is not liable unless the plaintiff prove the acts of the defendant amounted to gross and wilful negligence. We are unable to agree with this contention. It is to be noted that the ordinance does not absolutely prohibit games or amusements in the highway, but only such as interfere "with the convenient and free use of such street or highway by persons travelling or passing along the same." Whether the plaintiff was acting in violation of the ordinance was a question of fact for the jury to determine under proper instructions. As the charge of the judge is not reported, and as no exceptions were taken thereto, we must assume that full and accurate instructions were given.

3. The defendant owed to the plaintiff the duty of reasonable care; and, without reciting the evidence, we are of opinion that

it could have been found that the defendant could have avoided the collision by the exercise of such care.

The defendant's requests for rulings could not properly have been granted. The case was rightly submitted to the jury, and as we perceive no error in the conduct of the trial, the entry must be

*Exceptions overruled.*