### KRYSIAK v. PENNSYLVANIA R. CO. et al.

(Circuit Court of Appeals, Third Circuit. February 7, 1921.)

No. 2574.

1. Commerce ⊕⟳27(5)—Servant on leaving work, held not employed in "interstate commerce."

An employé working in an ash pit in railroad yards, cleaning engines used in both interstate and intrastate business, who on leaving his work, instead of taking a stairway to the street provided by the railroad company, for his own convenience walked across the yard and tracks, as other employés did, but following no defined way, and was struck and killed by a train on a main track, held to have ceased his employment in "interstate commerce," within the meaning of Employers' Liability Act, § 1 (Comp. St. § 8657), when he left his work and deviated from the way provided for his departure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. Master and servant ⊕⟳137(4)—Railroad not under duty to give warning to volunteer in yards.

A railroad company held to owe no duty of warning to an employé voluntarily crossing a main track through its yards, not in the course of his employment and at a place where there was no recognized crossing, and not chargeable with negligence for failure to give such warning, which rendered it liable for injury to such employé, where he was not seen by those operating the train which struck him.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action at law by Wladyslawa Krysiak, administratrix of the Estate of Adam Krysiak, against the Pennsylvania Railroad Company and Walker D. Hines, Director General of Railroads. Judgment for defendants, and plaintiff brings error. Affirmed.

⊕⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hershenstein & Finnerty, of Jersey City, N. J. (Leonard F. Fish, of New York City, of counsel), for plaintiff in error.

Albert C. Wall and John A. Hartpence, both of Jersey City, N. J., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Krysiak, an employé of the Pennsylvania Railroad Company, was run down and killed by a train on its main line of tracks in Jersey City, within yard limits. In this action, brought under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665) his administratrix charged the defendant with negligence in failing to provide its servant with a reasonably safe place in which to work and in operating its train at great speed without warning him of its approach. The defendant had judgment on a directed verdict. By this writ the plaintiff brings the judgment here for review on the two grounds upon which the verdict was directed: First, that the decedent was not employed in interstate commerce at the time of his injury; and, second, that the plaintiff failed to prove negligence on the part of the defendant.

[1] The facts out of which these questions arose were briefly these: Krysiak was at work during the night as an engine fire-cleaner in an ash-pit. His employment, being upon engines used in both interstate and intrastate commerce, was concededly interstate in character. Instead of ascending a near-by stairway leading to a street which the defendant had provided for the safety of its employés on leaving their work, Krysiak, on leaving his night's work, pursued a course, for his personal convenience, across the yard tracks and main tracks of the Railroad Company. The earth thereabout was packed down by the feet of many employés, who were in the habit of leaving the yard in any direction they chose, but it was not shown that there was a beaten pathway across the tracks suggestive of invitation or permissive way.

It was early in the morning; the day was dark and foggy. Krysiak stepped between the rails of one of the main tracks and was struck by a train coming from behind an obstruction at a rapid though not unusual rate of speed without giving warning.

At the trial, no issue was joined on the plaintiff's allegation of negligence (within its ordinary meaning) that the defendant failed "to provide a reasonably safe place for the plaintiff's intestate to carry out his employment," for it was not disputed that the defendant had not only provided him with a safe ash-pit in which to work, but had also provided him with a safe exit from his place of work. The plaintiff, however, relied upon the averment as tendering an issue of negligence, not within its literal meaning, but within her contention that in leaving the defendant's yard at the close of his night's work Krysiak was still engaged in his employment in the sense that he was but discharging a duty of his employment and was but pursuing a necessary incident to his work which partook of its interstate character, and that his injury, while so employed, brought him within the Act under the rule laid down in N. C. R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159, and Erie

R. Co. v. Winfield, 244 U. S. 170, 37 Sup. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B, 662.

In asking the trial court—and later this court—to apply the law of these cases to the case at bar, the plaintiff seeks to extend the law one step farther than the rule has gone. In the Zachary and Winfield Cases the injured employés were still about their employer's business when leaving their work and their departure was necessarily incident to their work and necessarily partook of its character. But here, the employé declined to take the safe way provided for him on leaving his work—that is, he declined to take his departure and thereby complete his employment in the way provided—but departed by another way more convenient to him in following his own affairs.

We are particular to note just here that we are not passing on a case where an employé, leaving employment in interstate commerce, selects one of several more or less dangerous means of exit from his place of employment because his employer had provided him no safe means; but we are passing on a case where the employer had provided a safe way out and the employé, ignoring it, selected a dangerous way. At that moment, we think, Krysiak ended his employment and lost the status of an employé in interstate commerce. Later, when he was killed, he was not engaged in his employer's work, or in an incident to it, but was engaged in his own private concerns.

We are therefore of opinion that the learned trial judge committed no error in holding that the decedent when killed was a mere volunteer on the defendant's tracks.

[2] This finding materially alters the remaining question of negligence and reforms it into an inquiry as to what duty the defendant owed one in the relation of volunteer, as distinguished from that of employé under the facts of the case, and in what respect did the defendant violate such duty. The negligence charged against the defendant was that it operated a train on its main line of tracks through its yard without giving warning of its approach and without providing for regular warning by rule. There was nothing shown in the place of the accident in the way of street crossing or other thing which imposed upon the defendant railroad company a duty to provide for regular warnings, except, as the plaintiff contends, that many yard employés were in the habit of crossing the tracks, here and elsewhere, and the fact that the defendant knew it. So also there was nothing in the situation, in the absence of evidence that the engineer saw or should have seen Krysiak, which imposed upon it the duty of sounding an emergency warning. We are at a loss to find any duty of warning, which, under the circumstances of train movements through its railroad yard, the defendant owed Krysiak. The place was one with dangers on every hand. To afford protection against such dangers in such places by warnings, other than those which arise from emergency, has, from the very nature of the place and work, been found impracticable in most instances. In default of some practical way of protecting yard employés from the great dangers normally incident to train movements, courts have been constrained to hold that yard employés assume the risk of these manifold dangers, unless arising from

negligence. Certain it is that in a particular case a railroad company cannot be held liable for its failure to do something which the plaintiff has not shown it could and should have done. Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; Connelley v. Pennsylvania Railroad Co., 228 Fed. 322, 142 C. C. A. 614; Hines, Director General, v. Jasko (C. C. A.) 266 Fed. 336; Erie R. Co. v. Healy (C. C. A.) 266 Fed. 342; Director General v. Templin (C. C. A.) 268 Fed. 483; Smith, Adm'r, v. Director General (C. C. A.) 269 Fed. 1.

Such being the employer's duty to an employé, what was its duty to a trespasser or volunteer such as Krysiak was?

As applied by the learned trial judge, and as stated by the United States Circuit Court of Appeals for the Second Circuit in Hoyer v. Central Railroad Co. of New Jersey, 255 Fed. 493, 496, 166 C. C. A. 569, the general rule is that a railroad company is under no duty to exercise active vigilance to provide against injury to a trespasser on its tracks until his presence is known. Sheehan v. St. Paul, etc., R. Co., 76 Fed. 201, 22 C. C. A. 121; Cleveland, etc., R. Co., v. Tartt, 99 Fed. 369, 39 C. C. A. 568, 49 L. R. A. 98; McCreary v. Boston, etc., R. Co., 156 Mass. 316, 31 N. E. 126; Nolan v. New York, etc., R. Co., 53 Conn. 461, 4 Atl. 106; James v. Illinois Central R. Co., 195 Ill. 327, 63 N. E. 153. It is bound only to abstain from wanton, reckless, or willful injury. Grand Trunk R. Co. v. Flagg, 156 Fed. 359, 84 C. C. A. 263. Its duty is to exercise reasonable care to avoid injuring him after discovering his peril. Texas, etc., R. Co. v. Modawell, 151 Fed. 421, 80 C. C. A. 651, 9 L. R. A. (N. S.) 646; Tutt v. Illinois Central R. Co., 104 Fed. 741, 44 C. C. A. 321.

Applying this law to the facts of the case we fail to find error and therefore direct that the judgment below be affirmed.