BENJAMIN F. HENDRICKS, Respondent, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The measure of duty owing to the plaintiff by the defendant, when upon the undisputed facts he left the train and sought to emerge from the railroad premises by a way which proved to be unsafe, and the use of which was not expressly or by implication extended to him as a means of exit by the railroad company, was to refrain from wanton or willful acts to the injury of the plaintiff. (*Krysiak v. Pennsylvania R. Co.*, 270 Fed. 758.) Therefore, the submission of the question of liability upon the theory of proportionate negligence under the Employers' Liability Act was error, since the means pursued by plaintiff constituted a deviation from the employment and pursuit of plaintiff's own private desires and concerns, to enable him to make use of a shortcut or exit not provided for that purpose to plaintiff either in his capacity of employee or passenger. Lazansky, P. J., Rich and Carswell, JJ., concur; Kapper and Hagarty, JJ., dissent and vote to affirm, being of opinion that plaintiff was entitled to the benefits of the Federal Employers' Liability Act and to have the jury say whether he acted prudently, and, if not, to apportion his damage; that the stoppage of the train to permit employees to alight was not a discontinuance of the relation of master and servant, nor was the plaintiff's place of alighting such a discontinuance, as matter of law. The concededly defective structure constituted negligence, and whether a prudent railroad company might have anticipated its use by an alighting employee, who could not alight from the opposite side of the train, presented a question of fact and not of law.