HENRY B. SCHNEIDER vs. FRANK DeCHRISTOPHER.

FRANCIS R. SCHNEIDER vs. SAME.

Hampden.     September 23, 1937. — October 3, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way, Trespasser, Contributory, Due care of child. *Way*, Public: trespass.

Evidence warranted a finding that the operator of a motor truck upon a street where he knew children were playing on the sidewalk was negligent in not seeing one of them start to run across the road in plain view in front of him when he could have avoided striking him, and in unnecessarily turning to the left side of the road and running into him.

The mere fact that, when struck by a motor vehicle, a boy was engaged in playing on a public highway did not make him a trespasser there.

A ruling was not required that a boy six years of age, accustomed to cross streets alone in going to and from school, was not of sufficient age to be allowed upon the street unattended.

A ruling was not required that a boy six years of age was guilty of contributory negligence when, engaged in play, he ran across a public street and was struck by a motor truck, where there was evidence that before he started he looked and did not see the truck, that while running he saw it turn a nearby corner, and that he was more than half way across the street when the truck, turning to its left, struck him.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 16, 1934.

The actions were tried together before *Sheehan*, J., and there were verdicts for the plaintiffs, respectively, in the sums of $791.19 and $3,408. The defendant alleged exceptions.

The cases were submitted on briefs.

*A. D. Ginstina*, for the defendant.

*R. W. King & M. Holstein*, for the plaintiffs.

DONAHUE, J.   The defendant, in the daytime, drove his automobile truck from Main Street, in West Springfield, around a corner into George Street, and proceeded in a westerly direction toward his destination, the place of busi-

ness of his employer, which was located on the northerly side of George Street, about seven hundred feet from the corner. When he had gone about two hundred feet from the corner there was a collision between the plaintiff in the second case, a boy six years old, and the right side of the defendant's truck. The defendant testified that upon hearing a scream and feeling a jar in his truck he applied his brakes, brought the truck to a stop within a distance of about fifteen feet, and then for the first time saw the boy, who was lying in the road. The second of these actions was brought on behalf of the boy and he hereinafter will be referred to as the plaintiff. His father brought the first action to recover consequential damages.

The defendant testified that he was familiar with George Street and knew that children were accustomed to play there. He saw after he had turned the corner that there were children on the piazza and on the sidewalk in front of a house on the northerly side of George Street about two hundred feet from the corner. He paid no attention to the children beyond glancing at them and glancing away. He had increased his speed from ten to fifteen miles an hour after leaving the corner. He testified that he was watching the road, that he would have seen any child running out upon the street before the truck arrived at a point opposite the house where he had seen the children, and that no child thus ran upon the road before the truck reached that point. There was, however, contradictory testimony warranting findings that the plaintiff was leaving the sidewalk and running on a course which would take him across the road, at a time when the truck was one hundred feet away, and that the plaintiff was running across the northerly half of the road before the truck arrived at the house. There were no other vehicles in the vicinity, and there was nothing to obstruct the defendant's view of the road ahead of him or to divert his attention from the road.

The defendant testified that he was at all times on his right hand side of the road, that is, on the northerly half of the paved portion of the highway which was twenty-four feet wide, and that he there followed a straight course until

he stopped the truck after the collision. This was contradicted by other evidence. There was testimony which, if believed, warranted the findings that before the collision the truck went entirely off the northerly half of the paved road and upon the southerly half, and that there the collision took place after the plaintiff had entirely crossed the northerly half of the road and was then out of the path of the truck, if it had continued on its original course.

There was evidence to warrant finding the defendant negligent in not seeing the plaintiff as he ran across the road when the truck was far enough away so that the defendant could have avoided injury to the plaintiff by the application of his brakes or merely by continuing on his course, and negligent in unnecessarily permitting the truck to go upon the southerly half of the road and there come into collision with the plaintiff. *Boni* v. *Goldstein,* 276 Mass. 372, 375. *Dirsa* v. *Hamilton,* 280 Mass. 482, 486. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 359.

The plaintiff with other children had for some time been playing in front of the house earlier mentioned. They were playing a game in which at times one of the children would pursue and attempt to catch another child. The plaintiff while being thus pursued was running across the street at the time of the accident. He testified that while still on the sidewalk he looked down the street to see if anything was coming, saw nothing and started running, and that later, looking up, just where he then was not appearing, he saw the truck turning the corner into George Street. He continued to run across the road. There was testimony that between the sidewalk and the paved road there was an area of dirt seven and one half feet wide. It could have been found he had crossed that area and more than twelve feet of the paved road at the instant of the collision.

The mere fact that the plaintiff, at the time of his injury, was engaged in play on a public highway did not reduce his rights from those of a traveller to those of a trespasser so far as other travellers on the highway were concerned. They gained no rights, and were relieved from no obligations, if their negligence caused him injury at a time when

he was playing on the highway.  *O'Brien* v. *Hudner*, 182 Mass. 381, 383.  *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79, 82.  *Dowd* v. *Tighe*, 209 Mass. 464, 466.  *Patrick* v. *Deziel*, 223 Mass. 505, 508.  *Coope* v. *Scannell*, 238 Mass. 288, 289.  *Boni* v. *Goldstein*, 276 Mass. 372, 376.  There was no evidence of any ordinance forbidding him to do what he was doing at the time of the collision.  See *Jaehnig* v. *J. G. & B. S. Ferguson Co.* 197 Mass. 364; *Patrick* v. *Deziel*, 223 Mass. 505.  If, as might have been found by the jury, negligence of the defendant caused his injury, he was entitled to recover therefor unless there was a failure in the exercise of such care for his safety as was required by law.

The plaintiff was six years old and accustomed to crossing streets alone going to and from school.  It could not have been ruled as matter of law that he was not of sufficient age to be allowed by his parents to be upon the streets unattended.  The requirements of the law as to care for the plaintiff's safety would be satisfied if he used such care for his own safety as a child of his age ordinarily would be expected to exercise under similar conditions.  The evidence as to existing conditions was conflicting.  Viewed in its aspects most favorable to the plaintiff the evidence warranted the conclusion that his conduct conformed to the standard of care set by the law for a child of his age.

This is not a case where it can be said that the plaintiff exercised no care for his own safety.  (Compare *Jackman* v. *O'Hara*, 280 Mass. 496.)  It could have been found by the jury that he looked before starting and while running to cross the road, and that the precautions which he took would have been adequate were it not for the unnecessary and unexplained driving of the truck from the northern to the southern half of the paved highway.  The plaintiff did not run upon the street from behind some obstruction into the view of the defendant.  Compare *Lovett* v. *Scott*, 232 Mass. 541.  The jury could have found that he was in plain view of the defendant from the time he left the sidewalk until the collision at a point over twenty feet away.  The plaintiff had the right to rely to some extent on the belief that an operator of an approaching automobile would

exercise a proper degree of care for the plaintiff's safety. *Davicki* v. *Flanagan,* 250 Mass. 379, 381. It could not have been ruled as matter of law that the defendant had sustained the statutory burden of proving that the plaintiff failed to exercise the care which the law required. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 360. G. L. (Ter. Ed.) c. 231, § 85.

The defendant took exception to a small portion of the charge, near its end, where the judge instructed the jury that evidence, which he recited, most favorable to the defendant's contention as to the facts, justified a finding that the defendant exercised proper care, and went on to say in another sentence that the same evidence warranted a conclusion that the plaintiff was contributorily negligent and could not recover. The exception was general without specification. The defendant now contends that the second sentence was error in that the judge did not say that the evidence in question required as matter of law a finding of contributory negligence. It does not appear that the defendant requested such a ruling. Earlier in the charge the judge gave instructions to the jury, to which no exceptions were taken, as to the care required of the plaintiff and his inability to recover if he failed to exercise the care which, in the circumstances as found by the jury, was required. Viewing the charge as a whole there was no error in the portion to which objection is now made. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 145–146.

*Exceptions overruled.*