## Spancake, Appellant, *v.* Phila. & Reading R. R. Co.

*Negligence—Railroads—Fellow servants—Track foreman and laborer.*

A track foreman controlling half a dozen or more men, engaged in the repair of the track, is not a vice principal as to the men under his direction, and for alleged negligence on his part there can be no recovery against the employer.

Lewis v. Seifert, 116 Pa. 628, distinguished.

Argued Feb. 18, 1892. Appeal, No. 243, Jan. T., 1892, by plaintiff, Elizabeth Spancake, from judgment of C. P. Lebanon Co., Sept. T., 1891, No. 71, refusing to take off nonsuit. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Trespass to recover for the death of plaintiff's husband.

The facts appear by the opinion of the Supreme Court.

The court below, McPHERSON, J., entered a compulsory nonsuit, holding that the injury to plaintiff's intestate was occasioned through one of the risks which he undertook as a part of his employment; that the track foreman and the deceased were fellow servants, and therefore the negligence of the latter was not imputable to the defendant; and that the deceased was guilty of contributory negligence.

A motion to take off the nonsuit was overruled, judgment entered, and plaintiff appealed.

*Errors assigned* were, (1) holding that deceased and the track foreman were fellow servants; (2) holding as a matter of law that deceased was guilty of contributory negligence; (3) not leaving the above questions to the jury; (4) entering and (5) refusal to take off compulsory nonsuit.

*P. H. Reinhard,* for appellant.

*C. H. Killinger, J. W. Killinger* with him, for appellee.

PER CURIAM, March 28, 1892:

The plaintiff's husband was one of a gang of men in the employ of the defendant company. At the time of the accident which caused his death he was engaged, with others, in making repairs to the roadbed. While so engaged, he was struck

by a passing train and killed. This suit was brought in the court below to recover damages for his death.

It appears that one Solomon Peiffer was employed by the defendant company as a track foreman, and that he had charge of the gang with whom Adam Spancake worked. The plaintiff alleged that it was the duty of the said Peiffer to give notice of an approaching train, and that this duty had been neglected ; that, by reason of this neglect, Spancake was killed. It was further contended that Peiffer represented the company, in other words, that he was a vice principal ; that his neglect was the neglect of the company, and Lewis v. Seifert, 116 Pa. 628, was cited in support of this proposition. We do not think that case supports this contention. There, it was held, that a train dispatcher, wielding the entire power of a railroad company in the moving of trains, in the changing of schedules, or the making of new ones, as exigencies require, is not a fellow workman or co-employee, and for his negligence, which is the proximate cause of an injury, the company is liable in damages. The difference between a train dispatcher wielding such powers, and a mere track foreman, controlling half a dozen or more men, is apparent to the dullest understanding. Under all the authorities, Peiffer was merely a co-employee, or fellow workman of Spancake, and for the negligence of the former the company is not responsible. There being no facts in dispute, it was not error for the court to rule this point, and the nonsuit was properly entered.

Judgment affirmed.