SOCCORSO v. PHILADELPHIA & R. RY. CO.

(Circuit Court, E. D. Pennsylvania. January 13, 1909.)

No. 144.

MASTER AND SERVANT (§ 235*)—INJURIES TO SERVANT—RAILROADS—PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff's foreman directed him to cross the tracks, get certain coats, and look for any tools. Plaintiff crossed the tracks in safety, picked up two coats, stepped again on the tracks to recross, and while crossing was struck by an engine slowly approaching from the rear, the presence of which he did not observe. The engine gave no signal, and the foreman gave no warning; but plaintiff could have seen the engine, but a few yards away, if he had turned his head to look along the tracks before he undertook to cross. *Held*, that plaintiff was negligent as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 235.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law.   Motion to take off nonsuit.

Marcel A. Viti, for plaintiff.
Gavin W. Hart, for defendant.

J. B. McPHERSON, District Judge.   The plaintiff was a laborer in the defendant's employ, and on July 26, 1907, was run over by an engine and suffered the injuries complained of.   The negligence relied upon to support a recovery is the failure of a track foreman to give warning of the engine's approach, as appears by the following quotation from the statement of claim:

"Whereupon it became and was the duty of the defendant to use due and proper care in the premises, and to furnish to the said plaintiff a reasonable, safe, and proper place to work, and to operate the said business in a proper and safe manner and by means of proper and competent employés, and to use due and reasonable care to warn the plaintiff of the approach of trains while he was working upon the tracks.   Yet the defendant, not regarding its duty in this behalf, did not use due and proper care in and about the premises, did not furnish the plaintiff a reasonably safe and proper place to work, did not conduct and operate its said business in a proper and safe manner, did not employ proper and competent employés in and about the operation of the said business, and did not use due and reasonable care to warn the plaintiff of the approach of trains while he was working upon the tracks, as it was its duty to do; but, on the contrary, it carelessly and negligently wholly neglected so to do, and carelessly and negligently conducted the said business in an unsafe and improper manner in many respects, and more particularly in its failure to warn the plaintiff of the approach of trains, while he was working upon the tracks, and the defendant further furnished the plaintiff a place unsafe to work in many respects, and particularly rendered unsafe by defendant's failure to warn the plaintiff of the approach of trains while he was working upon the tracks, and the defendant employed improper, incompetent, and unskillful employés in and about the conduct of the said business, and particularly in and about the warning of the plaintiff of the approach of trains while he was working upon the tracks, and the defendant carelessly and negligently failed and neglected to warn the plaintiff of the approach of trains while he was working upon the tracks."

Under the common-law rule, as interpreted by the Supreme Court of Pennsylvania, the plaintiff and the foreman would probably have been held to be fellow servants.   The facts in the case of Spancake v. Railroad Co., 148 Pa. 184, 23 Atl. 1006, 23 Am. St. Rep. 821, which much resembles the present dispute, are thus stated in the opinion:

"The plaintiff's husband was one of a gang of men in the employ of the defendant company.   At the time of the accident which caused his death, he was engaged with others in making repairs to the roadway.   While so engaged he was struck by a passing train and killed.   This suit was brought in the court below to recover damages for his death.   It appears that one Solomon Peiffer was employed by the company as a track foreman, and that he had charge of the gang with whom Adam Spancake worked.   The plaintiff alleged that it was the duty of the said Peiffer to give notice of an approaching train, and that this duty had been neglected; that by reason of this neglect Spancake was killed."

Upon these facts the court ruled that:

"Under all the authorities, Peiffer was merely a co-employé or fellow workman of Spancake, and for the negligence of the former the company is not responsible."

It is possible, perhaps, to distinguish this decision upon the ground that in Spancake's Case no evidence seems to have been given that the foreman was accustomed to give the laborers warning that danger was approaching, whereas some evidence upon this point was offered at the trial of the case now under consideration. But in the view I feel obliged to take of the present controversy it is unnecessary to determine whether the distinction should be drawn, or, if it should, what effect the foreman's previous warnings might have upon the defendant's liability.

Neither do I think it important to construe the Pennsylvania statute of June 10, 1907 (P. L. 523), of which the first and second sections are as follows:

"Section 1. Be it enacted, etc. That in all actions brought to recover from an employer for injury suffered by his employé, the negligence of a fellow servant of the employé shall not be a defence where the injury was caused or contributed to by any of the following causes; namely—

"Any defect in the works, plant, or machinery, of which the employer could have had knowledge by the exercise of ordinary care; the neglect of any person engaged as superintendent, manager, foreman, or any other person in charge or control of the works, plant, or machinery; the negligence of any person in charge of or directing the particular work in which the employé was engaged at the time of the injury or death; the negligence of any person to whose orders the employé was bound to conform, and did conform, and, by reason of his having conformed thereto, the injury or death resulted; the act of any fellow servant, done in obedience to the rules, instructions, or orders given by the employer, or any other person who has authority to direct the doing of said act.

"Sec. 2. The manager, superintendent, foreman, or other person in charge or control of the works, or any part of the works, shall, under this act, be held as the agent of the employer, in all suits for damages for death or injury suffered by employés."

My reason for holding that this statute is not now controlling, and that any modification of the fellow servant rule that may be due to the previous warnings given by the foreman is equally ineffective, is based upon what I regard as an inevitable conclusion from the testimony, namely, the plaintiff is chargeable with contributory negligence. If this be true, neither the statute nor the modified rule above referred to will avail to support a recovery. The facts are few and clearly established. The plaintiff had been working all day with other laborers upon the tracks of the defendant company. Within a few minutes of 6 o'clock he was directed by the foreman to cease the work he had been doing, and in preparation for quitting to cross the tracks for the purpose of fetching some coats that had apparently been laid alongside the railroad, and also to look about for loose tools. He crossed the tracks in safety, picked up a coat or two, stepped again upon the tracks to recross them, and while walking between the rails was struck by an engine whose appearance and approach he did not observe. The engine gave no signal, and the foreman gave no warning, and for present purposes I assume that the company was negligent. Nevertheless, I think that the nonsuit was properly entered because the plaintiff's contributory negligence seems to be clear. He was no longer engaged in the work upon the tracks, where he may have been entitled to expect that the foreman would look out for his safety and would give warning of the approach of danger. His faculties were no longer employed upon

that labor, which might fairly be regarded as so absorbing that he could not properly be asked to care for himself. He was simply walking in a place of known and obvious danger; but he was free to look and listen for the approach of a train or an engine, and, if he had exercised the commonest precaution in this respect, the injury could not have been inflicted. The engine was not moving rapidly. It had come a very short distance, and could not possibly have gained much speed; but he had left wholly unguarded the quarter from which it approached, for his back was turned toward that direction, although he was walking between the rails and was necessarily liable to be struck by a moving car or engine. These are the brief and simple facts, and to my mind they witness so positively to the contributory negligence of the plaintiff that to state them seems to be sufficient. Plainly, if he had done no more than turn his head to look along the tracks before he undertook to cross them, he could not have helped seeing the engine only a few yards away. If he looked and saw it, he was reckless in turning his back upon it without making sure that it was not moving or about to move. If he did not look at all, he was certainly negligent in blindly taking the risk of being able to use the tracks with safety. There was nothing about the act in which he was engaged that prevented him from turning his head or using his eyes, and I see no escape from the conclusion that his deplorable injury was due to his own failure to employ such elementary care as the situation obviously required.

The motion to take off the nonsuit is overruled, and to this refusal an exception is sealed in favor of the plaintiff.