FLORENCE HEALY, ADMINISTRATRIX, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

On appeal from the Hudson County Circuit Court.

For the respondent, *Alexander Simpson.*

For the appellant, *George S. Hobart.*

PER CURIAM.

This is a fact case. The only question we need consider is whether there should have been a nonsuit for failure to prove negligence on the part of the defendant. The decedent was, and had long been, yardmaster of the defendant's freight yard, known as the Croxton yard. He was standing between two tracks at the time a car was being switched on one of them. The engine had been cut loose and the switch turned so as to send the car on a different track from that taken by the engine. The decedent had his back turned; men cried out to him and he seems to have made some movement but not enough to escape being struck by a portion of the car and thereby thrown under a train passing on the next track. There was evidence that it was customary for the men to holloa as a warning, and no other warning is shown to have been in use. The testimony is that several men holloaed, and there is an absence of evidence that no one holloaed. In view of the fact that the only system of warning in vogue in the yard was followed, we are unable to find any proof of negligence. The decedent must be presumed to have known the custom and he seems to have had power as yardmaster to command the men. It is suggested that the warning was not given as soon as it should have been." There is an absence of testimony to that effect, and in view of the fact that the men had the right to rely on the decedent exercising due care and on his changing his position if he was too near the track, a change that meant a shift of very few inches, we think the warning came as soon as anyone had reason to think there was danger. It is very different from a case where one is on the track.

There should have been a nonsuit. The judgment must be reversed and the record remitted, to the end that there may be a *venire de novo*.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.  13.