### HINES, Director General of Railroads, et al. v. KNEHR.

(Circuit Court of Appeals, Third Circuit. June 23, 1920.)

#### No. 2541.

Master and servant ⬡137(2)—Railroad negligent in allowing cars to run down grade unattended.

A railroad company *held* liable for injury to an employé, working in freight yards at night, who was struck by a draft of cars which, contrary to the rules, were allowed to run down a grade with no one in charge and without lights.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action by Harry J. Knehr against Walker D. Hines, Director General of Railroads, and the Pennsylvania Railroad Company. Judgment for plaintiff, and defendants bring error. Affirmed.

John A. Hartpence and Vredenburgh, Wall & Carey, all of Jersey City, N. J., for plaintiffs in error.

Edward J. McCrossin, of New York City, and Harry R. Cooper, of Belmar, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BUFFINGTON, Circuit Judge.   In the court below the plaintiff, Knehr, an employé of the Pennsylvania Railroad Company, brought suit against the Director General, who was operating said road, to recover damages for personal injury sustained through alleged negligent operation of the railroad by the defendant.   He recovered a verdict, and, judgment having been entered thereon, the defendant sued out this writ of error.   No principles of law are involved, and the sole question is whether there was evidence of negligence which justified submitting the case to the jury.

The proofs tended to show that the plaintiff was working at night in a gravity freight classification yard.   In the operation of such a yard, the freight cars were brought by an engine to a "hump" or peak in the yard, from which elevation they descended by gravity and were switched to appropriate tracks.   The plaintiff was a number snatcher, and his duty was, as the cars passed, to take their numbers, and record them, and the switch tracks to which they went.

The negligence charged in the declaration was that the defendant permitted a draft of cars to run down from the hump at great speed, with no one in charge thereof and without lights, and to strike the plaintiff without warning.   The proofs, which we have fully examined, tended to make good this charge, and without entering into detail we may say they were to the effect that, on the night of the accident, three loaded freight cars, which were in charge of one of the defendant's employés, were, contrary to the rule, allowed by him to go down the hump with no one in charge.   There was no light upon them, and no warning of their approach was given to the plaintiff.   At the time the latter was trying to find, from their lights, what switches were open and would receive oncoming cars.   To do so he was kneeling alongside the rail, and by sighting along it, he was able to learn the color of the controlling switch lights, and thereby determine in what track the next car would run.   While so working, and without warning, in the absence of any light on the cars, and without any one being in charge, and contrary to orders, a draft of three unattached, unmanned, unlighted, and invisible loaded cars, traveling at high speed, came down the hump grade, struck, and injured him.   We think all the elements of liability, the orders of the railroad to its employé, his disregard thereof, the proper performance of duty by the plaintiff, and the careless performance of his by the employé of the defendant who had charge of this draft of cars, were shown to an extent that warranted and indeed compelled, the submission of the cause to the jury.

Such being the fact, the judgment below is affirmed.