## ERIE R. CO. v. HEALY.

(Circuit Court of Appeals, Third Circuit.   June 23, 1920.)

No. 2542.

Master and servant ⊙═137(6)—Yardmaster's injuries by switched car held not due to negligence.

The death of a yardmaster, who, while standing between two tracks in the yards, was struck by a car shunted upon one of the tracks behind him, *held* not due to negligence of the railroad company, where men cried out to him, which was the only method of warning shown to have been used in the yards.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by Charlotte Healy, administratrix of the estate of John A. Healy, deceased, against the Erie Railroad Company.   Judgment for plaintiff, and defendant brings error.   Reversed.

Collins & Corbin, of Jersey City, N. J. (George S. Hobart, of Jersey City, N. J., of counsel), for plaintiff in error.

George E. Cutley and Alexander Simpson, both of Jersey City, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge.   In this case Charlotte Healy, administratrix of John A. Healy, who was an employé of the Erie Railroad Company, brought suit against that company to recover damages for its alleged negligence, which, she contended, caused Mr. Healy's death.   So far as here pertinent, the alleged negligence as stated in the declaration, was that the railroad "caused to be propelled against the body of said John Healy a freight car, without giving him any warning of the approach thereof," and the question before us, therefore, is whether there was such an absence of proof on that issue that the court below should have granted the defendant's motion for a compulsory nonsuit.

No principles of law are concerned; the question is wholly one of fact, namely, the presence or absence of proof warranting a submission of the case to the jury.   We here note the plaintiff originally brought her suit and recovered a verdict in the Supreme Court of New Jersey.   On review of the case, the Court of Errors and Appeals of that state held a nonsuit should have been entered, reversed the case, and granted a venire de novo.   Instead of availing herself of the second trial thus granted, with an opportunity to produce any available additional proof, the plaintiff discontinued her action in the state court and brought suit in the court below.

We have carefully examined the proofs in the latter case, and find they were, so far as substance is concerned, the same as those passed upon by the Court of Errors and Appeals.   That court's discussion of the facts and its conclusions commend themselves to us, and as a dis-

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cussion by this court would simply be an effort to state the same things in different language, we restrict ourselves to adopting as the opinion of this court the opinion of the Court of Errors and Appeals as reported in 91 N. J. Law, 325, 102 Atl. 629, which is as follows:

"This is a fact case. The only question we need consider is whether there should have been a nonsuit for failure to prove negligence on the part of the defendant. The decedent was, and had long been, the yardmaster of the defendant's freight yard, known as the Croxton Yard. He was standing between two tracks at the time a car was being switched on one of them. The engine had been cut loose and the switch turned, so as to send the car on a different track from that taken by the engine. The decedent had his back turned; men cried out to him, and he seems to have made some movement, but not enough to escape being struck by a portion of the car and thereby thrown under a train passing on the next track. There was evidence that it was customary for the men to holloa as a warning, and no other warning is shown to have been in use. The testimony is that several men holloaed, and there is an absence of evidence that no one holloaed. In view of the fact that the only system of warning in vogue in the yard was followed, we are unable to find any proof of negligence. The decedent must be presumed to have known the custom, and he seems to have had power as yardmaster to command the men. It is suggested that the warning was not given as soon as it should have been. There is an absence of testimony to that effect, and in view of the fact that the men had the right to rely on the decedent exercising due care, and on his changing his position if he was too near the track, a change that meant a shift of very few inches, we think the warning came as soon as any one had reason to think there was danger. It is very different from a case where one is on the track. There should have been a nonsuit. The judgment must be reversed and the record remitted, to the end that there may be a venire de novo."

With our minds addressed to the facts and the applicable law, we distinguish the instant case (where the shunted car was in the care of a brakeman) from two cases where opinions are before us and in which we file concurrent opinions, namely, Hines v. Knehr, 266 Fed. 336, where the shunted cars were not in the care of a brakeman, and Hines v. Jasko, 266 Fed. 340, where cars were not shunted, but where the injury resulted from the colliding of a made-up train with another car, the movement being effected by an attached engine.

The judgment below is reversed, and the case remitted for further proceedings.