## DIRECTOR GENERAL OF RAILROADS v. TEMPLIN.[*]

(Circuit Court of Appeals, Third Circuit. November 12, 1920.)

### No. 2585.

1. **Master and servant** ⬤⟹270(15)—**Evidence of custom to give warning of train's approach admissible.**

   Where plaintiff's intestate, a brakeman on a freight train, jumped from between the cars when the train was slowing for a stop at a station, and was struck and killed by an express train following on an adjoining track, evidence of a custom for express trains to give warning by bell or whistle when approaching the rear of a freight train standing or moving slowly on another track *held* properly admitted.

2. **Master and servant** ⬤⟹265(10)—**Employé presumed to know custom to give warning.**

   Where a custom to give warning to employés under certain circumstances is proved, an employé is presumed to have known it.

3. **Master and servant** ⬤⟹288(3)—**Brakeman's assumption of risk from omission of customary warning question for jury.**

   Where a custom was proved for express trains to give warning on approaching from the rear a freight train standing or moving slowly on an adjoining track, whether a brakeman on a freight train moving slowly to

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[*]Certiorari denied 254 U. S. —, 41 Sup. Ct. 218, 65 L. Ed. —.

stop at a station, who jumped from between cars in front of a following express, which gave no warning, assumed the risk, *held* a question for the jury.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by Minnie Templin, administratrix of Burd Templin, deceased, against the Director General of Railraods. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. Clarke Mason, of Philadelphia, Pa., for plaintiff in error.
Frank F. Davis, of New York City, for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ of error brings here for review a judgment in favor of the plaintiff below for the death of Burd Templin, who was killed while working as a brakeman on a freight train of the Philadelphia & Reading Railway Company. The facts of the case are briefly these: Preparatory to making a stop, Templin's train was moving slowly on a sidetrack next to the southbound main track in the defendant's yard at Reading, Pennsylvania. While his train was still moving, Templin jumped down from between two box cars into the space between his train and the southbound track, on which an express train was rapidly approaching from the rear. The clearance being insufficient, Templin was struck and killed.

The duty which the plaintiff averred the defendant owed the decedent was that of timely warning; and the negligence she charged was the defendant's failure, contrary to prevailing custom, adequately to warn the decedent of a train approaching from the rear and about to pass on the main track.

It was admitted that both the employé and employer were engaged in transportation of interstate commerce at the time of the accident. Therefore the Federal Employers' Liability Act (Comp. St. §§ 8657–8665), under which the action was brought, bears only on the court's charge with reference to assumption of risk and contributory negligence, specified as error.

[1] The first question—the one on which all others turn—is, whether the trial court erred in admitting testimony offered to prove a yard practice or custom under which express trains moving on the main track blow a whistle or sound a bell on approaching the rear of a freight train standing or moving slowly on the next sidetrack. We see no valid reason why this testimony should not have been offered and admitted. Although the testimony of one of the witnesses was so weakened on cross-examination that its probative value may have disappeared, there was for that reason no error in admitting it; and in the absence of a motion to strike it out, there was no error in retaining it in the record. Aside from the testimony of this witness there was other testimony as to the custom which was sufficient to sustain the jury's finding that it existed. Robinson v. United States, 13 Wall. 363, 366, 20 L. Ed. 653; Fletcher v. Baltimore, etc., R. Co., 168 U. S. 136, 18 Sup. Ct. 35, 42 L. Ed. 411.

[2] The jury has found a custom of warning. The decedent was presumed to have known it. Erie R. Co. v. Healy (C. C. A.) 266 Fed. 342; Healy v. Erie R. Co., 91 N. J. Law, 325, 102 Atl. 629. On this finding of fact and on this presumption depend the remaining assignments of error.

[3] The defendant next raised a question of the decedent's assumption of risk and of error in the court's charge in respect thereto, pursuing the question on the theory that express trains moving on the main track did frequently approach, overtake and pass freight trains on the next track without warning; and that the decedent knew it, and, because of this fact and his knowledge of it, the decedent assumed the risks incident to it, citing familiar cases of yard accidents where there existed no custom as to warning and where from the very nature of yard movements warnings were impracticable.

In raising this question the defendant has disregarded the fact and effect of the custom found, in which is implied, first, the need of warning, and second, the practicability of giving warning. In Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758, where no custom of warning was involved, the court held that a yard track employé assumed the risk of the danger of a shifting movement without warning; and in Connelley v. Pennsylvania R. Co., 228 Fed. 322, 142 C. C. A. 614, where likewise no question of custom as to warning was involved, and where practically all the tracks in the yard were main tracks, this court made a similar ruling. The case at bar is readily distinguishable from these two cases on which the defendant mainly relies and from two others recently decided by this court. Hines, Director General, v. Jasko, 266 Fed. 336, and Erie R. Co. v. Healy, 266 Fed. 342. In the first, there being no sufficient proof of custom affecting or defining the duty of the railroad company to warn yard employés of coupling movements, we held that the defendant railroad company had not been shown guilty of negligence in the absence of proof of what warning under the circumstances it should and could have given, and that, in consequence, the yard employé had assumed the risks of such movements on accepting his employment. So also in the latter case we found, in the absence of proof of a custom as to warning, a similar assumption of risk by a yard employé. But in McGovern v. P. & R. Ry. Co., 235 U. S. 389, 401, 35 Sup. Ct. 127, 59 L. Ed. 283, where there was evidence of a custom or practice to warn trackworkers the Supreme Court affirmed the action of the trial court in refusing to hold as a matter of law that the injured workman had assumed the risk of the danger and in submitting the question to the jury.

It is recognized that under the Federal Employers' Liability Act an employé assumes the risks normally and necessarily incident to his employment, and also the extraordinary risks, or risks caused by his master's negligence; yet, he assumes the latter only when they are obvious or fully known by him and are such as would under the circumstances be seen and appreciated by an ordinarily prudent person. Boldt v. Pennslyvania R. Co., 245 U. S. 441, 445, 38 Sup. Ct. 139, 62 L. Ed. 385; Gila Valley Ry. Co. v. Hall, 232 U. S. 94, 101, 34 Sup.

Ct. 229, 58 L. Ed. 521; Seaboard Air Line v. Horton, 233 U. S. 492, 504, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. In encountering in his employment risks of different kinds, the Supreme Court has said:

"The settled rule is, not that it was the duty of an employé to exercise care to discover extraordinary dangers that may arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employé may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them." Chesapeake & Ohio Ry. Co. v. De Atley, 241 U. S. 310, 315, 36 Sup. Ct. 564, 566 (60 L. Ed. 1016) ; C., R. I. & P. Ry. Co. v. Ward, 252 U. S. 18, 40 Sup. Ct. 275, 65 L. Ed. ——.

In this case we think no one but the jury could say whether Templin, in assuming that his employer would protect him by the customary warning in the circumstances, saw or should have seen the extraordinary danger arising from his employer's negligence in not giving the warning, and whether, accordingly, Templin did or did not assume the risk thereof. Chicago, Rock Island & Pacific Ry. Co. v. Ward, 252 U. S. 18, 40 Sup. Ct. 275, 64 L. Ed. 430; Gila Valley Ry. Co. v. Hall, supra; McGovern v. P. & R. Ry. Co., supra.

While the jury on the submission of this question might have found that the decedent had not assumed the risk of the danger which led to his death, yet, the jury might also have found that the decedent in descending from his train at the time and place and under the circumstances failed to take the precaution for his own safety which the law imposed on him and thereby contributed to his injury, partially or wholly, and that, as a result, his administratrix should recover only in part or not at all. Virginian Ry. Co. v. Linkous, 230 Fed. 88, 93, 144 C. C. A. 386.

The remaining assignment of error concerns the court's charge on this aspect of the case. The instruction on the law of contributory negligence specified as error is open to no criticism so far as it went. The defendant's criticism, however, is that the instruction fell short and left the jury with a notion that if they found the defendant guilty of contributory negligence which "reaches the point that it is practically the entire negligence in the case" (that is, as we understand it, if they found that the decedent's negligence was alone the proximate cause of the injury, or, stated in another way, if they found the decedent's death due solely to his own carelessness), they still must find a verdict for the plaintiff. If the excerpt of the court's charge assigned as error is open to this criticism, it is apparent from the rest of the charge that such impression could not have been conveyed to the jury because of the court's very explicit instruction that, before they could render a verdict for the plaintiff, they must find negligence on the part of the defendant, obviously meaning negligence in some measure.

Finding no error in the trial of the case, the judgment below is affirmed.