# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

**SMITH v. PAYNE, Director General of Railroads.**

(Circuit Court of Appeals, Third Circuit. November 24, 1920.)

No. 2595.

**1. Commerce ⬳27(7)—Railroad employee employed in interstate commerce.**

A stipulation that a person when killed by a train was "assisting another man at work at or near a switch, which switch was connected with tracks used for both interstate and intrastate commerce" *held* to determine the character of the employment of both employé and carrier as interstate for purposes of an action under Employers' Liability Act, § 1 (Comp. St. § 8657).

**2. Death ⬳77—Alien parents shown entitled to recover under federal Employers' Liability Act.**

Proof that the parents of plaintiff's intestate lived in Poland and that for several years before and since his service in the army he had periodically sent them remittances, receipt for the last of which was returned after his death, *held* sufficient to meet the requirement of Employers' Liability Act, § 1 (Comp. St. § 8657).

**3. Master and servant ⬳203(3), 205(1)—Risk of extraordinary dangers not assumed.**

A track employé of a railroad company is not called upon to seek out and discover extraordinary dangers imposed on him by his employer but may assume that the employer and its agents have exercised for his safety such care as the circumstances reasonably admit.

**4. Master and servant ⬳288(3)—Trackworker's assumption of risk from train without headlight question for jury.**

The operation of a train within yard limits on a dark and stormy night without a headlight on the engine *held* not an ordinary danger of a trackworker's employment the risk of which he assumed as matter of law.

In Error to the District Court of the United States for the District of New Jersey; Lynch, Judge.

At law. Action by Robert Smith, administrator of Peter Bogdan against John Barton Payne, Director General of Railroads. Judgment for defendant and plaintiff brings error. Reversed.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

269 F.—1

Frank M. Hardenbrook and Charles M. Egan, both of Jersey City, N. J., for plaintiff in error.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley and George S. Hobart, both of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Bogdan was run down and killed by a train of the Erie Railroad Company on its main line of tracks in Jersey City, within yard limits. In this action his administrator charged the defendant with negligence in operating the train by an engine without a headlight and without giving "reasonable, and the usual and customary notice and warning" by bell or whistle. The trial court entered judgment of non-suit without giving its reasons. By this writ of error the plaintiff brings the judgment here, presenting for review all the grounds on which the defendant based his motions for non-suit, in order to cover with certainty the particular one which moved the court. Among these were failure of the plaintiff to show that the decedent was employed and the defendant engaged in interstate commerce at the time of the accident and his failure to prove pecuniary loss suffered by the decedent's parents, for whose benefit as his next of kin this suit was brought, thereby challenging the plaintiff's right to recover under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665).

[1] On the first of these questions the parties stipulated that the

"Decedent was assisting another man at work at or near a switch, which switch was connected with tracks used for both interstate and intrastate commerce."

This stipulation, construed most favorably to the plaintiff on the defendant's concession, placed the decedent at the switch and made the switch a part of the tracks. The switch thus became an instrumentality as permanently devoted to commerce as the tracks themselves (Minneapolis & St. Louis R. Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54; Pedersen v. D., L. & W. R. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153), and determined the character of the employment of both employé and carrier as interstate.

[2] We think there was evidence sufficient to satisfy the requirement of the Act that the beneficiaries of the action had been injured and had sustained pecuniary loss by the death of their son. Michigan Central R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; American R. Co. v. Didricksen, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456; St. Louis, etc., R. Co. v. Craft, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 116. True, there was no direct proof that the decedent's father and mother were living at the time he was killed, a deficiency of evidence which the defendant insists was fatal. But there was evidence that the decedent's parents lived in Poland, and that for several years before going into the army the decedent had sent them money monthly and that after leaving the army he had sent them money at different periods, the last being on a

date so shortly before his death that the return card of the remittance was not received until after his death. This we think meets the requirement of the Act.

We now come to the main question, whether there was evidence that the decedent's death was due to negligence of the defendant, and to the related question, whether the decedent assumed the risk of such negligence. The case permits the latter question to be put in this way, for unless the defendant by his negligence subjected the decedent to dangers other than those normally incident to his employment the plaintiff cannot prevail.

Bogdan was a helper to Rosinsky, a steamfitter engaged in work about the yards of the Erie Railroad Company. Rosinsky was the only witness to the accident, and his testimony was the only evidence given in proof of the defendant's negligence. It was substantially as follows:

The night being cold, the defendant "had the steam on the switches." Under orders, Rosinsky with Bogdan, his helper, went upon the tracks to test the steam in the switch pipes. As work of this character, like that of trackwalkers in a yard, is highly dangerous, men, when called upon to do such work, were formed into gangs of two, or three, or four. At this time the gang consisted of only the two men named. It was the duty of one to watch while the other worked. Bogdan was not a new hand. On the night in question, perhaps because it was dark and snowing hard, Rosinsky, the superior, handed Bogdan a lantern, and, giving him the task of watching, told him explicitly to look out for trains and cautioned him to avoid danger by standing at least 4½ feet clear of the track. Bogdan's face was turned in the direction from which any train moving on that track would come. Rosinsky, with his back toward any on-coming train, leaned down to gauge the steam. Suddenly Bogdan and his lantern disappeared, and Rosinsky realized that Bogdan had been struck and carried away by a train.

At the trial, Rosinsky gave no testimony as to a reasonable, "usual or customary notice" to track employés in such situations, but testified that there was no headlight on the engine at the time Bogdan was hit.

From the lack of details of the accident and the limited description of the place of the accident, showing little more than that it occurred on the main right of way, yet within yard limits, we find nothing which imposed on the defendant a duty to warn the decedent by sound of the approaching train. Bogdan was a trackworker within the class of trackwalkers, who, because of the very nature of their work and the impracticability of giving them warning, are held to assume the risk of the great dangers normally incident to their employment. Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; Connelley v. Pennsylvania R. Co., 228 Fed. 322, 142 C. C. A. 614; Hines, Director General, v. Jasko, 266 Fed. 336; Erie R. Co. v. Healy (C. C. A.) 266 Fed. 342.

[3] But in order to safeguard himself from the ordinary dangers of his employment, as the law requires him to do, a track employé is not called upon to seek out and discover extraordinary dangers imposed

on him by his employer, but may assume that his employer and his agents have exercised for his safety such care as the circumstances reasonably admit. C. & O. Ry. Co. v. De Atley, 241 U. S. 310, 315, 36 Sup. Ct. 564, 60 L. Ed. 1016; C., R. I. & P. Ry. Co. v. Ward, 252 U. S. 18, 40 Sup. Ct. 275, 64 L. Ed. 430. Did the defendant subject Bogdan to such extraordinary dangers; and, if so, were they so obvious that he must be held, in law, to have assumed the risks arising from them?

[4] There was testimony that the engine of the train which struck the decedent was operated by the defendant without a headlight, under conditions of darkness and storm which made it difficult or impossible for the decedent, though on watch for a train, to see it, and for his companion to know of its approach until it had come abreast of him and had struck the decedent. If lack of evidence of negligence on the part of defendant was the ground on which the learned trial judge entered judgment of non-suit, we think he fell into error, for he could not have held, as a matter of law, that the operation of a train in a forward movement, at night, without a headlight on the engine, was an ordinary danger of the trackworker's employment, the risk of which he had assumed, Hines, Director General, v. Knehr (C. C. A.) 266 Fed. 340; or, if it was an extraordinary danger involving negligence of the defendant, he could not have decided, as a matter of law, that the engine, in the darkness which enveloped it because of the absence of a light, was so obvious that an ordinarily careful person, under the circumstances, could, and therefore should, have seen it and appreciated the danger, Boldt v. Pennsylvania R. Co., 245 U. S. 441, 445, 38 Sup. Ct. 139, 62 L. Ed. 385; Gila Valley Ry. Co. v. Hall, 232 U. S. 101, 34 Sup. Ct. 229, 58 L. Ed. 521; Seaboard Air Line v. Horton, 233 U. S. 492, 504, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475.

As these were issues of fact which bore directly on the question of assumption of risk, we think they, together with the question itself, should have been submitted to the jury. McGovern v. P. & R. R. Co., 235 U. S. 389, 401, 35 Sup. Ct. 127, 59 L. Ed. 283; Director General v. Templin (C. C. A.) 268 Fed. 483.

The judgment below therefore is reversed and a new trial awarded.