## PENNSYLVANIA R. CO. v. BURGERSON.

(Circuit Court of Appeals, Third Circuit. February 23, 1924.)

No. 3043.

**1. Railroads ⬉355(5)—Employé of contractor using tracks held a mere licensee.**

Where employés of an independent contractor, engaged in work on a railroad, regularly used a railroad bridge in going to contractor's tool yard for equipment, an employé so using the bridge was neither a trespas-

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ser nor an invitee, even though railroad had constructive notice of the use of such bridge, but was merely a licensee or permittee, toward whom the railroad owed only the duty of refraining from wanton, reckless, or willful injury.

2. **Railroads ☜358(1)—Care required as to workmen using tracks.**

Generally a person working in a railroad yard, or about the tracks of a railroad company, in a position to observe its dangers, assumes the risks naturally incident thereto, and the only duty of the railroad is to refrain from wanton, reckless, or willful injury.

3. **Railroads ☜381(6)—Contractor's employé, crossing bridge with knowledge of train's position, held guilty of contributory negligence.**

Employé of independent contractor, engaged in electrification of railroad, who proceeded to cross one-track bridge in going to contractor's tool yard, with knowledge that a train was standing near the opposite end of the bridge, and with no effort to notify trainmen of his presence on bridge, and who was knocked off and injured by train, *held* contributorily negligent as a matter of law.

4. **Railroads ☜395—Testimony as to permissive use of bridge by contractor's employé held inadmissible under pleading.**

In an action against a railroad for injuries to employé of independent contractor, engaged in electrification of the railroad, while crossing bridge in going to contractor's tool yard, testimony was not admissible to prove that the railroad permitted the contractor's employés to use such bridge, where question of permissive use was not raised by the pleadings.

5. **Appeal and error ☜197(3)—Variance not available on appeal, in absence of objection in lower court.**

Where plaintiff's testimony not raised by the pleadings was admitted without objection, the variance is not available to defendant on appeal, since defendant's failure to object deprived plaintiff of the benefit of an amendment, which would have been asked and granted, if objection had been seasonably made.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Charles L. McKeehan, Judge.

Action by Edwin Burgerson against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial allowed.

Ralph B. Evans and Sharswood Brinton, both of Philadelphia, Pa., for plaintiff in error.

Harry A. Mackey and James A. Walker, both of Philadelphia, Pa., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMSON, District Judge.

WOOLLEY, Circuit Judge. This action was brought by an employé of an independent contractor to recover for personal injuries caused by negligence of the defendant railroad company.

Gibbs & Hill had a contract with the Pennsylvania Railroad Company to electrify its Chestnut Hill Division. Burgerson, an employé of these contractors, was engaged in the work. On the morning of the accident, having completed a task near the Girard Avenue bridge, he and others of the gang left with the intention of going to the Gibbs & Hill tool yard to get equipment required for work at another place. The tool yard is at the corner of Sedgeley Avenue and Somerset Street

in the City of Philadelphia and adjoins the Stifftown Yard of the railroad company. Although there were other routes, the one which Burgerson took was the most direct and was the one which the Gibbs & Hill men usually took.

The Stifftown Branch crosses Sedgeley Avenue by a bridge, which is about fifty feet long and about eighteen feet above the street. It carries a single track and has no foot-path. When crossing the bridge Burgerson was struck by a shifting engine and thrown to the street, sustaining serious injuries. Thereupon he brought this suit and had a verdict and judgment. The defendant sued out this writ of error.

At the trial the plaintiff testified that before he and his fellow workmen started to cross the bridge he saw an engine with two cars standing on the other side facing in the direction of the Stifftown Yard, the last car being about ten feet clear of the bridge, and that when he was about half-way across the train moved backward without warning, striking him and causing him to fall to the street. On this point the defendant's testimony was to the effect that when the plaintiff started to cross, the engine was on the bridge facing in the opposite direction, that is, facing the plaintiff as he entered upon the bridge, and that the engineer was looking back toward the Stifftown Yard for a switchman's signal.

There was no evidence that any of the train crew saw the plaintiff or other members of his gang on the bridge or knew of their presence until the accident occurred. It is clear that on these facts the plaintiff's right to recover depends upon what legal duty the defendant railroad company owed him, and upon its violation of that duty.

Nearly every legal duty arises from a relation of some kind. And so here, what duty the defendant owed the plaintiff arose from the relation which each bore to the other at the time and place of the accident. That relation may be of different kinds or degrees, and may, as variously contended in this case, be that of trespasser, invitee, licensee or permittee. With respect to each the law imposes on a railroad company a different grade of duty and, correspondingly, a different measure of care which it should exercise toward one upon its tracks.

[1, 2] At the trial, and here, the defendant railroad company took two positions; the first that the plaintiff was a trespasser to whom, in ignorance of his presence, it owed no duty. We think the plaintiff, because of his work on the railroad property, though at a different place and in the employ of another, was not a trespasser. Of the same opinion was the learned trial judge. The judge then went further and, regarding the evidence as sufficient for the jury to find the relation of the plaintiff to the defendant to be that of one whom it had invited upon its tracks, charged the jury (along the line of the plaintiff's contention) as follows:

"But the law is that if a man is on the tracks or property of the railroad company by reason of having some contractual relation with it that calls him there to do some work, especially if it is work in which the railroad company is interested, he ceases to become a trespasser. He has not gone on there as a trespasser. If he is there under those circumstances, and the defendant knows he is there or ought to know he is there, and there about work which is being carried on there with the defendant's consent, then that man is said

to be on the property by invitation of the defendant, and if he is there lawfully and rightfully and by the invitation of the defendant, then the defendant owes to him this duty, that it will operate its trains and other works in a reasonably careful way having regard to his presence there."

This instruction the defendant assigns as error. We can not find, after a careful study of the record, that the evidence warranted this submission on which the jury was permitted to find that the relation between the parties grew out of an invitation extended by one and accepted by the other to come upon the property, and to find a corresponding duty on the part of the railroad company to exercise toward the plaintiff the high measure of due care and caution. Viewing the case entirely from the testimony for the plaintiff, it appears that the employés of Gibbs & Hill had for several months used the bridge in going to the tool yard in connection with work being done elsewhere on the railroad property. There is, however, no evidence that the defendant ever consented to the use of the bridge as a short cut to the yard; certainly the record does not contain a suggestion of evidence that the railroad company, by word or act, invited the men to do so. If it can be held that the defendant invited the plaintiff upon its premises, the invitation must be limited to that part of its right of way, distant from the place of the accident, where the plaintiff's work of electrification required him to be. The plaintiff's work did not require him to cross the bridge. Nor is there evidence that the defendant had actual knowledge of the use of the bridge by the plaintiff and his fellow workmen. If, however, the facts were such as to charge the defendant with constructive knowledge of its use, then we think the duty which the defendant owed the plaintiff when upon its tracks at this place was no higher than that which it owes its own employés in a like situation. The general rule is that a person working in the yard or about the tracks of a railroad company in a position to observe its dangers assumes the very great risks naturally incident to his employment. Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; Connelley v. Pennsylvania Railroad Co., 228 Fed. 322, 142 C. C. A. 614; Lehigh Valley R. Co. v. Doktor (C. C. A.) 290 Fed. 760, 764. There are exceptions to this general rule, as when an employé in the actual performance of his work is compelled to assume a position in which he cannot protect himself from dangers incident to the movement of trains, Lehigh Valley R. Co. v. Doktor (C. C. A.) 290 Fed. 760: Van Zandt v. P., B. & W. R. R. Co., 248 Pa. 276, 93 Atl. 1010, and as when the nature of the work is such that a custom has arisen, or a practical way has been found, to give warning. Hines, Director General, v. Knehr (C. C. A.) 266 Fed. 340, 341; Erie R. Co. v. Healy (C. C. A.) 266 Fed. 342, 343; Director General v. Templin (C. C. A.) 268 Fed. 483, 484, certiorari denied, 254 U. S. 656, 41 Sup. Ct. 218, 65 L. Ed. 460. But in work of certain kinds, as that of trackwalkers, or where workmen (as the one here) are not actually engaged in their work but are using the tracks as a convenient way from one place to another, the rule of law is that they assume the risks and the railroad company owes them no duty other than to refrain from wanton, reckless or willful injury. Thus they become licensees or permittees. Aerkfetz v.

Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; Davis v. Philadelphia & Reading Ry. Co. (D. C.) 276 Fed. 187; Connelley v. Pennsylvania R. Co., 201 Fed. 54, 119 C. C. A. 392, 47 L. R. A. (N. S.) 867; Id., 228 Fed. 322, 142 C. C. A. 614; Krysiak v. Pennsylvania R. Co. (C. C. A.) 270 Fed. 758; Hines v. Jasko (C. C. A.) 266 Fed. 336; Lehigh Valley R. Co. v. Doktor (C. C. A.) 290 Fed. 760; Delaware & Hudson Ry. Co. v. Wilkins, 153 Fed. 845, 83 C. C. A. 27. That the plaintiff was such is the defendant's second contention.

Applying these rules of law to the evidence in this case, we are constrained to hold that the highest measure of duty which the defendant owed the plaintiff was that which it owes a licensee of whose presence on its property, the evidence discloses, it had no actual knowledge and of whose presence it was not charged with constructive knowledge. It is very evident that in the movement of the train, either backward or forward, the crew did not see the plaintiff on the bridge, and as he was there in no other position than that of a licensee or permittee, they were not required to anticipate his presence and guard him against injury.

[3] But if the defendant's duty and conduct were such as to raise a valid question of negligence for submission to the jury, we are at a loss to see how the plaintiff could have a verdict in view of his own conduct. To prevail, the plaintiff must not only show negligence on the part of the defendant but he must make out a case clear of negligence on his own part. He admitted seeing the train standing near the opposite end of the bridge before he started to cross. He must have known, without regard to the direction in which it pointed, that it had not arrived at its destination and that it was likely to move either forward or backward at any moment. He made no effort to notify the trainmen of his presence, but, assuming that the engine and cars would remain stationary until he had passed over, he entered into what must have appeared to a cautious person as a death trap, and when the train began to move he was compelled to leap upon the girder and was knocked off by the train as it passed. He did this with the whole situation open to him and its dangers known to him. His act, we think, was one of those rare instances where the court should have found contributory negligence as matter of law and, accordingly, have granted the defendant's motion for a directed verdict. Soccorso v. P. & R. Ry. Co. (C. C.) 166 Fed. 378; Hoffman v. Pennsylvania R. Co., 215 Pa. 62, 64 Atl. 331.

[4, 5] Lastly, the railroad company charges error to the court in submitting the case to the jury on a question of permissive use of the bridge when that question had not been raised by the pleadings. True, the statement of claim contains no allegation that the Sedgeley Avenue bridge was habitually or customarily used by the employés of Gibbs & Hill or that the defendant had permitted such use or had knowledge thereof, actual or constructive. We think the railroad company did not have proper notice of the use of the bridge claimed by the plaintiff and if objection had been made to this testimony it should, and doubtless would, have been excluded under the pleadings. But as it was admitted without objection, the plaintiff was thereby deprived of the benefit of an amendment which, we surmise, would have been asked and granted

if objection had been seasonably made. The defendant should not be allowed to take advantage of a variance at this stage of the proceedings.

For the reasons given, we are of opinion that the defendant's motion for binding instructions should have been granted. Therefore the judgment below must be reversed and a new trial allowed.