## BALTIMORE & O. R. CO. v. ROBERTSON. *

(Circuit Court of Appeals, Sixth Circuit. June 13, 1924.)

### No. 4007.

Master and servant ⬡286(31)—Railroad's negligence as to watchman on trestle held question for jury.

Where there was evidence tending to prove an allegation that the customary warning was not given to a watchman patrolling a trestle at night by an approaching train, by which he was struck and injured, and to sustain other material allegations of negligence, the question of defendant's negligence *held* properly submitted to the jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Evron Robertson against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. T. Kinder, of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley and J. P. Wood, all of Cleveland, Ohio, on the brief), for plaintiff in error.

Luther Day and Edward Davidson, both of Cleveland, Ohio (Day & Day, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON and DONAHUE, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge. This was an action for the recovery of damages alleged to have been sustained by defendant in error (the plaintiff below, and hereinafter called plaintiff), while employed by the plaintiff in error (the defendant below, and hereinafter called defendant) as a watchman, as a result of being struck by a passenger train operated by the defendant. Plaintiff is a citizen of Ohio, and defendant is a Maryland corporation engaged in operating a common carrier railroad in interstate commerce. The trial court denied a motion of defendant for a directed verdict, and submitted the case to the jury, which returned a verdict for the plaintiff in a substantial amount. By writ of error, defendant seeks to review the judgment entered on such verdict; the gist of its assignments of error being that the evidence did not warrant the submission to the jury of any of the questions of alleged negligence involved.

It was the claim of plaintiff (and there was evidence tending to support such claim) that on the night on which he received the injuries

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

*Certiorari denied 266 U. S. ——, 45 Sup. Ct. 95, 69 L. Ed. ——.

referred to he was patrolling a certain railroad trestle of the defendant in the performance of his duties as a guard protecting the property of defendant (including such trestle) during a labor strike; that during the period of such employment the defendant, knowing of his necessary presence on such bridge in a place of danger from passing trains, had adopted the customary practice of warning him of the approach of trains by causing the locomotives drawing such trains to whistle just before they came into sight, from behind a curve (located 450 feet distant from the trestle) which prevented plaintiff from seeing them until they reached that point; that plaintiff knew of such custom, and relied on such whistles as signals to warn him of approaching trains; that on the night in question, while engaged in his duty of patrolling the track of his employer, he approached this trestle (which was 286 feet long) and before going upon it stopped, looked, and listened, but neither saw nor heard any train; that he thereupon proceeded across the bridge in the direction of the curve, walking necessarily in the center of the single track thereon, which occupied nearly its entire width; that when he had gone about two-thirds of the way across he suddenly saw a train, whose engine had not whistled, coming around the curve toward him; that he then ran on toward the curve and approaching train in an attempt to escape from his dangerous position, and nearly succeeded in reaching a place of safety, but that as he left the track near the end of the trestle his foot was caught and became wedged between the outer guard rail and a spike projecting upwardly from the tie, between the guard rail and the steel rail, to a height greater than necessary or usual in bridge construction, and before he could extricate himself he was struck by the train and severely injured; that he was unaware of the presence of such spike, whose upward projection was dangerous, and contrary to standard construction practice; that defendant was guilty of negligence in failing to give him any warning of the approach of this train, although it knew or should have known that he was likely to be upon this narrow trestle in the performance of his work, and unable to see coming trains in time to protect himself; that defendant was negligent in failing to comply with the established custom, practice, and course of conduct between it and plaintiff, to give him such warning; that defendant was also negligent in permitting the spike mentioned to project upward in its improper and dangerous position, and to thus make the place where plaintiff was employed unsafe; and that his injuries were caused by the negligence of the defendant in the respects mentioned. A claim of negligence based upon the speed of the train was withdrawn by the court from the consideration of the jury. The other three theories of negligence just referred to were submitted to the jury under appropriate instructions, which fully, fairly, and correctly stated the law governing such claimed negligence, as well as the defenses of contributory negligence and assumption of risk urged by the defendant.

We think that the contentions and arguments of the defendant in support of its complaint that the trial court erred in its refusal of a directed verdict, its instructions to the jury, and its rulings on evidence must, in the last analysis, depend upon the ultimate question whether

there was evidence which warranted the jury in finding that the defendant failed in any duty of proper care toward plaintiff as claimed. We cannot doubt that, under elementary principles of law, the relation of defendant to plaintiff and the circumstances and conditions of danger involved required it to exercise reasonable care to keep the trestle as a safe place to work, free from perils not fairly incidental to the work, and to refrain from omitting any customary notice of such peril which had been established by it and on which he had a right to rely. Director General v. Templin, 268 Fed. 483 (C. C. A. 3); Smith v. Payne, 269 Fed. 1 (C. C. A. 3); Hines v. Logan, 269 Fed. 105 (C. C. A. 5); Wineinger v. Union Pacific Railroad Co., 276 Fed. 65 (C. C. A. 8); St. Louis & San Francisco Railway Co. v. Jeffries, 276 Fed. 73 (C. C. A. 8); Lehigh Valley Railroad Co. v. Mangan, 278 Fed. 85 (C. C. A. 2); Lehigh Valley Railroad Co. v. Doktor, 290 Fed. 760 (C. C. A. 3). We have examined the entire record with the utmost care, and, while deeming it unnecessary to refer to the evidence in detail, we are satisfied that there was substantial evidence tending to support each of the three theories of negligence submitted and that the jury had a right to find as a fact that the defendant was guilty of each of the several acts of negligence charged.

We discover no error in the refusal of the trial court to grant the continuance asked, its rulings on the admissibility of evidence, its denial of a directed verdict, or its charge to the jury.

The judgment is affirmed.